UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 0 6 2011
CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| BRITTENUM CONSTRUCTION COMPANY, INC., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY–INTERNAL REVENUE SERVICE, <br><br> Respondent. | Case No. FA-11-mc-44 |

## PETITION TO QUASH SUMMONS

COMES NOW the Petitioner, Brittenum Construction Company, Inc., by and through its attorneys, Ball & Mourton, Ltd., PLLC, in response to a third-party summons issued by the Respondent, the Internal Revenue Service of the Department of the Treasury of the United States of America, and for its Petition to Quash Summons states:

### I. JURISDICTION

1. This Court has jurisdiction over the subject matters and parties herein pursuant to 26 U.S.C. § 7609(h).

2. This is a civil action whereby the Petitioner seeks the quashal of a

summons issued by the Respondent to a third-party, First Federal Bank of Harrison, Arkansas ("First Federal").

## II. PARTIES

3. The Petitioner, Brittenum Construction Company, Inc. ("Brittenum Construction"), is a corporation organized under the laws of the State of Arkansas, is in good standing and is duly authorized to do business in the State of Arkansas, and maintains its headquarters in Fayetteville, Washington County, Arkansas.

4. The Respondent, the Internal Revenue Service of the Department of the Treasury of the United States of America (the "IRS"), is the bureau tasked by Congress with the authority to assess and collect taxes imposed by Title 26 of the United States Code. The Respondent maintains an office at 4905 Old Greenwood Road, Fort Smith, Arkansas 72903.

## III. FACTUAL BACKGROUND

5. On the 16th day of August 2011, the Respondent's agent, Jimmy Harris ("Harris"), a Revenue Officer, issued a summons (the "Summons") directed to First Federal.

6. Harris also served a copy of the Summons upon the Petitioner, Brittenum Construction. A copy of the Summons that Brittenum Construction received from Harris, is attached to this Petition as Exhibit A.

7. The Summons states that it is issued in the matter of "Brittenum Construction Co, Inc" and references "Period Information: Form CIVPEN for the

quarterly periods ending June 30, 2001, September 30, 2001, December 31, 2001, March 31, 2002 and June 30, 2002."

8. The Summons directs First Federal to appear before Harris on September 9, 2011 at 8:00 a.m. and to bring "all books, papers, records, and other data concerning all accounts in which [Brittenum Construction] is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which [Brittenum Construction] is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary."

9. The Summons further instructs First Federal that the records demanded include but are not limited to those that concern savings accounts, checking accounts, and loans.

10. The records demanded by the Summons are limited to the period from April 1, 2011 to July 31, 2011.

11. Despite the indication contained in the Summons that the matter relates to a "Form CIVPEN" for five quarterly periods in 2001 and 2002, the IRS has never assessed any civil penalty against Brittenum Construction.

12. Brittenum Construction is aware of no taxes owed for any prior period, let alone any penalty assessed against it for any tax whatsoever.

13. Brittenum Construction had no notice whatsoever that an officer or employee of the IRS intended to contact any person with respect to the determination or collection of any tax liability of Brittenum Construction.

14. The quarterly tax periods Harris listed in the Summons are well beyond the applicable statute of limitations for the assessment of a civil penalty at the time the Summons issued.

15. Brittenum Construction, identified in the Summons as a person other than the person summoned, is a person entitled to notice of the Summons pursuant to 26 U.S.C. § 7609(a)(1).

16. First Federal is a third-party recordkeeper as defined by 26 U.S.C. § 7603(b)(2)(A).

17. The Petitioner, Brittenum Construction, brings this action and its Petition to Quash Summons before the Court pursuant to the rights granted it under 26 U.S.C. § 7609(b)(2).

## IV. THE RECORDS SOUGHT BY THE IRS ARE NOT RELEVANT.

18. One of the threshold factors the IRS must demonstrate before it has met its prima facie burden of good faith in pursuit of judicial enforcement of a summons is that "the inquiry may be relevant to the purpose" of the investigation. *U.S. v. Powell*, 379 U.S. 48, 57 (1964).

19. Although various courts have characterized the relevancy requirement as *minimal*, it appears the IRS cannot possibly demonstrate the slightest relevance of the records requested to the matters allegedly under investigation. *See, e.g., U.S. v. Stoecklin*, 848 F. Supp. 1521, 1524 (M.D. Fla. 1994).

### A. The periods to which the alleged civil penalties apply are too distant from the dates of the records summoned to provide relevant information.

20.     The earliest of the records requested in the Summons were generated nearly nine years after the latest of the civil-penalty-assessment periods indicated in the Summons.

21.     This very Court once had occasion to declare that while the IRS "need not show that its investigation is well founded," the IRS must show "that the records it seeks are relevant to that investigation, whether the investigation itself proves to be well founded or not." *U.S. v. First National Bank of Fort Smith*, 173 F. Supp. 716, 719-20 (W.D. Ark. 1959).

22.     Therefore, the IRS must show that bank records of Brittenum Construction from a four-month period in 2011 are somehow relevant to an investigation for periods in 2001 and 2002 for civil penalties, penalties which have neither been alleged nor assessed heretofore, before the Summons may be declared valid.

### B. The limitation periods for civil-penalty assessments for the tax periods indicated have passed

23.     Both the Supreme Court and the Eighth Circuit have held that mere passage of the running of an applicable statute of limitations is not alone sufficient to meet a taxpayer's burden of showing abuse of process. *Powell*, 379 U.S. at 57 ("the Commissioner need not meet any standard of probable cause . . . either before or after the three-year statute of limitations on ordinary tax liabilities has expired.");

*U.S. v. Giordano*, 419 F.2d 564, 568 (8th. Cir. 1969) ("The running of the normal three-year statute of limitations on one or more of the years involved does not terminate the authority of the Government to use the summons in this case.").

24. Nevertheless, the limitation statutes have not just recently placed the referenced tax periods out of reach; rather, the periods under investigation are, for the most part, a full decade behind the information sought.

25. The gulf that separates the periods is significant to the question of relevance, and it is far greater here than the separation contemplated by *Powell* and *Giordano*; there is simply no reasonable relationship between the tax periods, for which no penalty has ever before been alleged or assessed, and the records period.

## V. THE IRS FAILED TO COMPLY WITH STATUTORY PROCEDURE.

26. The IRS is required, except in cases where collection would be jeopardized or a criminal investigation is pending, to give reasonable advance notice to a taxpayer that the IRS intends to make contacts with persons other than the taxpayer. *See* 26 U.S.C. § 7602(c).

27. Further, like the relevance requirement described above, the IRS must show "that the administrative steps required by the Code have been followed in particular." *Powell*, 379 U.S. at 58.

28. The IRS has provided the taxpayer, Brittenum Construction, with no advance notice whatsoever that Brittenum Construction is the subject of an attempted determination of tax liability or that the correctness of any return filed by

Brittenum Construction is in doubt.

29. Further, the IRS provided Brittenum Construction with no advance notice that the IRS ever assessed civil penalties for periods now ten years past as the Summons now states it has.

30. The fact that the IRS did serve a copy of the Summons itself upon Brittenum Construction indicates that the IRS did not issue the Summons pursuant to one of the statutory notice exceptions because under those exceptions, the IRS would not even serve the Summons upon the Petitioner.

31. Because the IRS failed to comply with the procedure set forth in the Internal Revenue Code, its Summons is invalid and should be quashed.

VI. THE SUMMONS CONTAINS APPARENT FALSITY OR ERROR.

32. The failure of the IRS to comply with the procedure set forth in the Internal Revenue Code results in further prejudice to Brittenum Construction.

33. Judicial enforcement of the Summons without having first afforded Brittenum Construction an opportunity to investigate and challenge the freshly revealed allegation of civil-penalty assessments, which the IRS has never assessed against the taxpayer, and in turn, to challenge the underlying reasons for the summons, would be an abuse of judicial process of the sort proscribed by *Powell*.

34. The *Powell* Court, after reciting the factors, two of which are discussed above—relevance and compliance, further held that even after the IRS has met its prima facie burden, the taxpayer should be allowed to challenge a

summons "on any appropriate ground" at an adversary hearing. 379 U.S. at 58.

35.  Because Brittenum Construction has never before had notice of any civil-penalty assessment, because the statute of limitations for such an assessment precludes assessment now for the periods in 2001 and 2002, and because the IRS has no cause to make such an assessment, the statement contained in the Summons regarding a civil penalty is either patently false, or it is made in error.

36.  Regardless of intent, Brittenum Construction is prejudiced by the Summons in the form issued; either the IRS employs illegal and fraudulent means to investigate something unknown to Brittenum Construction, or the entire Summons may be issued in error, and the Petitioner entitled to quashal for the protection of its records that are not even intended to be the subject of investigation.

### VII.   THE PETITIONER IS ENTITLED TO DISCOVERY.

37.  *Powell* cements the principle that the taxpayer is entitled to an adversary hearing before enforcement of an IRS summons. *Powell*, 379 U.S. at 58.

38.  Deficiencies in the Summons are apparent; however, the underlying basis for the investigation and the source of the incorrect or false claim that civil-penalty assessments have been made against Brittenum Construction are unapparent.

39.  While courts have held that it is permissible to limit discovery, *see, e.g., U.S. v. Ernst & Whinney*, 750 F.2d 516 (6th Cir. 1984), the Federal Rules of Civil Procedure apply to "proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a

federal statute." Fed. R. Civ. P. 81(a)(5).

40.     Therefore, Brittenum Construction is, at the very least, entitled to reasonable discovery and an adversary hearing to challenge the Summons.

WHEREFORE, the Petitioner, Brittenum Construction Company, Inc., respectfully requests that this Court grant its Petition to Quash Summons; in the alternative, that this Court order discovery and an evidentiary hearing in this matter to determine whether the Summons is entitled to enforcement; for its costs and attorney's fees incurred herein, and for any and all other relief this Court deems just and proper.

Dated:     September 6, 2011

BALL & MOURTON, LTD., PLLC
A Professional Limited Liability Company

By: _____
Justin M. Rains
Arkansas Bar No. 2008180
P.O. Box 1948
3608 N. Steele Boulevard, Suite 202
Fayetteville, Arkansas 72702

Electronic Mail:  jrains@ballandmourton.com
Telephone:  (479) 442-6213
Facsimile:   (479) 442-6233

ATTORNEYS FOR THE PETITIONER,
BRITTENUM CONSTRUCTION COMPANY, INC.